MELISSA HOLYOAK, United States Attorney (#9832)
CHRISTOPHER BURTON, Assistant United States Attorney (NV #12940)
Attorneys for the United States of America
Office of the United States Attorney
20 North Main Street, Suite 208
St. George, Utah 84770
Telephone:  (435) 634-4270

_____

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT EDWARDS, <br><br> Defendant. | **UNITED STATES' POSITION REGARDING DETENTION** <br><br><br> Case No. 4:26-cr-00013-AMA |

☐ The United States is not seeking detention.

☐ Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒ The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

    ☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of

      10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

## Procedure

      The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☒ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

    ☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

        **(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to

        Federal jurisdiction had existed; *and*

    **(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

    **(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☒ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

    ☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; *or*

    ☒ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

### Factors to Be Considered

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of

residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).

☐  Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).

☒  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

☐  The defendant's lack of legal status in the United States.  The defendant's legal status is:

☐  How the defendant would be subject to removal or deportation after serving a period of incarceration.

☒  The defendant's significant family or other ties outside of the United States.

☐  The defendant's use of aliases or false documents.

☒  The defendant's prior attempts to evade law enforcement.

☐  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐  The defendant's prior failures to appear for court proceedings.

☒  Other reasons including:

     In March 2021, an FBI agent assumed the online identity of a Wickr.me account and joined a group chat identified as being used to trade child pornography. During the session, another user posted a link to a Zoom meeting room. The Zoom meeting room was viewing a collection of multiple child sexual abuse material (CSAM) videos, approximately 30 minutes in length, being streamed on the main screen. Also visible on the screen were the other participants in the meeting, including one using the profile name "B E." The FBI agent recorded the Zoom meeting.

     The camera associated with the "B E" profile was intermittently on and off during the meeting. When on, a Caucasian male adult could be seen laying naked on a bed and appeared to be masturbating. When off, the "B E" profile picture was displayed, showing the same person. At times while the camera was on, it appeared other adult males were in the same room as the "B E" account holder.

     The Zoom account was identified as belonging to Robert Edwards and the particular meeting was accessed from an IP address in Puerto Vallarta. Agents obtained known photographs of Edwards and determined he was the person seen in the video under the profile name "B E." They also learned that Edwards commonly goes by the name "Bobby." Additionally, investigators learned that Edwards was in Puerto Vallarta at the time of the Zoom meeting and photos from a property he had in Puerto Vallarta matched the surroundings displayed during the Zoom meeting.

  FBI served additional legal process to Zoom and learned that Edwards used other profile names, including, as of November 2024, "Utah Jizz."

  As the investigation continued, on or about May 12, 2025, FBI learned that Edwards was suspected of purchasing CSAM through his PayPal account. PayPal had flagged four transactions involving Edwards' account as possibly related to CSAM. One of the transactions was with an account in the name of "Arran Horne" in January 2025. Edwards sent $30.00 to "Arran Horne" with a message "birthday gift Utah jizz." Investigators learned that the "Arran Horne" account sent a subsequent message to Edwards that was consistent with a CSAM transaction. Investigators learned that the account holder for "Arran Horne" was John Carver, who had been arrested just days after a transaction with Edwards and ultimately convicted of child pornography related offenses in the United Kingdom. UK law enforcement seized Carver's phone at the time of his arrest and, at the request of FBI, reviewed it and found evidence that Carver was friends on Telegram with "Utah Jizz" and that the two shared Zoom groups.

  FBI learned that Carver had a particular *modus operandi* for distributing CSAM. Carver would advertise CSAM on Telegram. When someone expressed interest in purchasing the advertised CSAM, Carver would send a PayPal link to receive payment, followed by a link that provided access to the purchased CSAM. Carver would sometimes distribute the purchased CSAM via Zoom meetings consistent with the May 2021 Zoom meeting described above.

  Law enforcement executed a search warrant on Edwards and his residence on November 4, 2025. Edwards's cell phone was seized from his person and he was informed multiple times that the officers were permitted to use his biometrics to unlock the device under the terms of the search warrants. However, Edwards refused to cooperate with law enforcement efforts to unlock his device via biometrics until the device was locked due to too many failed attempts. Edwards initially agreed to speak with investigators and stated he was the former owner of Squatty Potty but had sold his business a few years ago and currently lived off the proceeds of the sale as well as some Bitcoin. Edwards also stated he had an addiction to methamphetamine and had recently been released from a rehabilitation center. When asked about the offenses being investigated, Edwards stated he had no recollection of viewing child pornography and invoked his right to counsel.

  On the phone found in Edwards's vehicle at the time of the search, investigators found two videos and three images of CSAM. All of the images appear to have been received over Telegram based on the file titles and all appear to have been downloaded onto the phone on October 23, 2025, just under two weeks before the search warrant was executed. The images depict the sexual abuse of prepubescent male children, including a toddler and an infant. As for the CSAM videos, they depict the lascivious exhibition of genitals of an infant male. Investigators also found numerous chats that appeared to reference CSAM, including over Telegram. The chats referenced "baby rape," "pedophiles," and discussions of multiple offenders meeting up together to watch CSAM as a group. In one chat, Edwards messaged "Hey brother, Id love to perv but into most all jiust not into babies. 5+ is preferred like other things twist4d and b34qast juszt noy babies

you cool with that?" There were also numerous links to Zoom meetings shared in the same Telegram chats.

On devices recovered from Edwards's residence, where it appeared he lived alone, investigators found additional CSAM files. One of the iPhones found in Edwards's residence had seven CSAM images, all of which depict the sexual assault of male children between 13-15 years of age by adult males. Another device found in Edwards's residence was found to have one image of CSAM depicting the sexual assault of a 14-year-old boy by an adult male and additional evidence of the Telegram account and contact for Carver.

## Victim Notification

☒  The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

The position of the victim(s) on the detention of the defendant is: unknown

☐  The victim(s) in this matter seek(s) a no contact order.

☐  This matter does not involve a victim requiring notification.

DATED this 12th day of February, 2026.

MELISSA HOLYOAK
UNITED STATES ATTORNEY

*Christopher Burton*
CHRISTOPHER BURTON
Assistant United States Attorney